IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO DANIEL RODRÍGUEZ-LIZARDI,<br><br>Plaintiff<br><br>v.<br><br>RADIO SHACK CORPORATION, et al.,<br><br>Defendants | CIVIL NO. 09-1724 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Radio Shack Corporation's ("Radio Shack") motion to dismiss (No. 12), as well as Plaintiff Pedro Daniel Rodríguez-Lizardi's ("Rodríguez") opposition thereto (No. 22).[1] Plaintiff Rodríguez filed this lawsuit pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, alleging that Defendants discriminated against Plaintiff Rodríguez on the basis of his age. In addition, Rodríguez alleges a claim of retaliation pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII").

---

1. Plaintiff's opposition brief (No. 22) was filed late. Nevertheless, in the interest of considering the motion to dismiss on its merits, the Court will consider Plaintiff's opposition. Plaintiff also filed a motion for leave to amend the complaint, in which Plaintiff inadvertently resubmitted the identical complaint which was originally submitted. The Court **FINDS AS MOOT** said motion (**No. 17**) in light of Plaintiff's subsequent motion (No. 29) tendering a second amended complaint. The proffered second amended complaint does differ slightly from the original complaint. However, the differences are minimal and do not alter the analysis herein. The Court finds that the proposed amendments would be futile, and therefore **DENIES** Plaintiff's motion tendering a second amended complaint (**No. 29**). Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114 (1st Cir. 2009) ("[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.") (internal citations omitted).

CIVIL NO. 09-1724 (JP)           -2-

Rodríguez also brings supplemental claims pursuant to the Puerto Rico Employment Discrimination Statute, P.R. Laws Ann. tit. 29, § 146 *et seq.* ("Law 100"); and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802").

Defendant Radio Shack moves to dismiss the ADEA and Title VII claims, arguing that the amended complaint lacks sufficient allegations to state a claim under either statute. Defendant Radio Shack also argues for dismissal of the Puerto Rico law claims with prejudice, or in the alternative requests that the Court decline to exercise supplemental jurisdiction over the Puerto Rico law claims. For the reasons stated herein, Defendant Radio Shack's motion to dismiss (**No. 12**) is hereby **GRANTED**.

## I.     FACTUAL ALLEGATIONS

Plaintiff Rodríguez, age 56, alleges that he began working for Radio Shack on November 8, 1990, as a sales representative. Plaintiff alleges that he has consistently performed his employment duties in a satisfactory manner, and has at times exceeded expectations, as in 1991 when he was recognized as the best sales representative for attaining sales of $300,000.00.

In 2006, Rodríguez was demoted to a part time position. Shortly thereafter, Radio Shack allegedly hired two employees who were younger than Rodríguez for full time positions. Rodríguez's schedule was subsequently reduced to three hours per week.

CIVIL NO. 09-1724 (JP)          -3-

Plaintiff further alleges that in 2009, he received letters from supervisor Ahmed Vélez ("Vélez") in which Vélez harassed, intimidated, and threatened to fire Rodríguez for low sales. In addition, Vélez allegedly stated at a district meeting, while looking directly at Plaintiff, that there are some "losers" that should not be working for the company.

Plaintiff also alleges that he faced discrimination in the form of a series of interactions with Janira Hernández ("Hernández"), who is the Caguas store manager. Specifically, Plaintiff alleges that Hernández gave Rodríguez a notebook to make notes so that he would not forget things, took away certain job responsibilities without explanation, and would not permit Plaintiff to climb ladders. Hernández also allegedly told Rodríguez's wife, when Rodríguez started working part time in 2006, that he would have time to rest and would no longer have swollen feet.

Plaintiff further alleges that he has faced discrimination from coworkers who call him "viejito" ("little old man"), and make statements such as "el viejito ya no debe estar cerrando la tienda porque se tarda mucho cuadrando la caja" ("the little old man should no longer be closing the store because he takes a long time adding up the register"). Plaintiff Rodríguez alleges that the discriminatory conduct to which he has been subjected has resulted in a loss of income. Plaintiff requests damages as well as reinstatement to a full time sales representative position.

CIVIL NO. 09-1724 (JP)          -4-

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 562). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III. **ANALYSIS**

Defendant Radio Shack argues that Plaintiff's ADEA claim should be dismissed because (1) several of Plaintiff's allegations are time-barred; (2) Plaintiff's remaining allegations do not set forth factual circumstances from which discrimination may be inferred; (3) Plaintiff does not allege an actionable adverse employment

CIVIL NO. 09-1724 (JP)            -5-

action; and (4) Plaintiff does not properly allege a Title VII retaliation claim because he does not allege discrimination on the basis of any of the categories protected by Title VII.  Defendant Radio Shack also moves to dismiss Plaintiff's Puerto Rico law claims. The Court shall consider Defendant Radio Shack's arguments in turn.

### A.    Statute of Limitations

Prior to filing his complaint before the Court, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). EEOC charges alleging a violation of the ADEA normally must be filed within 180 days of the alleged unlawful employment practice. 29 U.S.C. § 626(d)(1).  If there is an applicable state age discrimination law and agency, as there is in Puerto Rico, the time period is extended to 300 days.   29 U.S.C. § 626(d)(2). Arroyo-Audifred v. Verizon Wireless, Inc., 431 F. Supp. 2d 215, 218 (D.P.R. 2006) (Pieras, J.).

In the instant case, Plaintiff's EEOC charge was filed on April 15, 2009. Therefore, allegations pertaining to facts preceding June 19, 2008 are time-barred. As alleged by Plaintiff, his demotion to a part time position occurred in 2006.  The alleged addition of younger employees occurred a "few months later."  Given that said facts are alleged to have occurred at some date in 2006, and within a few months thereafter, these alleged facts could not have occurred later than mid-2007.  Therefore, said allegations predate June 19, 2008 and are time-barred. Accordingly Plaintiff's ADEA claim may not

CIVIL NO. 09-1724 (JP)          -6-

rely on the allegations of Plaintiff's demotion and reduction in hours.  Considering only the other facts that are alleged to have occurred after June 19, 2008, the Court will now proceed to assess the sufficiency of Plaintiff's allegations of an ADEA violation.

### B. Plaintiff's ADEA Claim

The ADEA states that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  In order to prevail in a lawsuit under the ADEA, the plaintiff's age must actually have played a role in the employer's decision-making process and have had a determinative or motivating influence on the outcome. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000); Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir. 2006).

To establish a *prima facie* case of age discrimination, an ADEA claimant must adduce evidence that: (1) he was at least forty years of age; (2) his job performance met the employer's legitimate expectations; (3) the employer subjected him to an adverse employment action (e.g., an actual or constructive discharge); and (4) the employer did not treat age neutrally.  Hoffman, 439 F.3d at 17 (citing González v. El Día, Inc., 304 F.3d 63, 68 (1st Cir. 2002)).

In the context of a motion to dismiss, a plaintiff alleging an ADEA claim is not required to establish a full *prima facie* case. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002); Twombly,

CIVIL NO. 09-1724 (JP)			-7-

550 U.S. at 569-70. However, an ADEA plaintiff still must state facts sufficient to "state his claim and the grounds showing entitlement to relief" and to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Setting aside the allegations that are time-barred, Plaintiff Rodríguez's allegations in the instant case consist of two categories: (1) interactions with supervisors; and (2) interactions with non-supervisor coworkers. As to his interactions with supervisors, Plaintiff Rodríguez alleges that in 2009 Vélez sent him letters threatening to fire him for low sales. Plaintiff also alleges that Vélez stated at a district meeting, while looking directly at Plaintiff, that there are some "losers" that should not be working for the company. These allegations are not sufficient to support an inference of discrimination on the basis of age. The letter sent by Vélez indicates only that Vélez considered terminating Rodríguez for poor performance, not for any reason related to his age. Vélez's comment regarding "losers" in the company, even if directed at Rodríguez, also does not indicate any motivation based upon age. See Speen v. Crown Clothing Corp., 102 F.3d 625, 636 (1st Cir. 1996) ("isolated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to prove an employer's discriminatory intent.") (internal citations omitted).

Plaintiff also alleges that his supervisor Hernández gave Rodríguez a notebook to make notes so that he would not forget

CIVIL NO. 09-1724 (JP)           -8-

things, took away certain job responsibilities without explanation, and would not permit Plaintiff to climb ladders. These allegations are also insufficient to support an inference of age-based discrimination. Plaintiff does not allege that younger employees were given additional responsibilities denied to Rodríguez, or that during any of the alleged interactions with Hernández she stated or otherwise indicated that her actions were motivated by Plaintiff's age.

With regard to Plaintiff's interactions with non-supervisory coworkers, Plaintiff alleges that coworkers made derogatory remarks to him including referring to him as "the little old man." The First Circuit has established that "statements made either by nondecisionmakers or by decisionmakers not involved in the decisional process, normally are insufficient, standing alone, to establish . . . the requisite discriminatory animus." González, 304 F.3d at 69. Because the age-based comments referenced by Plaintiff are alleged to have been made by coworkers who do not possess decision making power as to Plaintiff's terms of employment, said comments do not suffice to state an ADEA claim. Thus, neither Plaintiff's allegations regarding interactions with supervisors Vélez and Hernández, nor his allegations regarding interactions with non-supervisory coworkers, are sufficient to support his claim. In the absence of allegations in the complaint to support a claim for

CIVIL NO. 09-1724 (JP)         -9-

discrimination pursuant to the ADEA, the Court will dismiss said claim with prejudice.

### C. **Plaintiff's Title VII Retaliation Claim**

Plaintiff also alleges a claim for retaliation pursuant to Title VII. Said claim does not warrant in-depth discussion because the Title VII statute does not create a claim for discrimination on the basis of age. Title VII only prohibits discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff Rodríguez makes no allegations that he has faced discrimination on the basis of any of the categories protected by Title VII. As such, the Court will dismiss Plaintiff's Title VII retaliation claim.

### D. **Plaintiffs' Puerto Rico Law Claims**

Plaintiffs filed supplemental claims against Defendant Radio Shack pursuant to Puerto Rico law. Having dismissed the federal claims, the Court declines to exercise jurisdiction over the Puerto Rico law claims. See Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7-8 (1st Cir. 2007) (affirming district court's decision to decline jurisdiction over state law claims after dismissing federal claims). The Court will enter judgment dismissing the Puerto Rico law claims against Radio Shack without prejudice.

### IV. **CONCLUSION**

In conclusion, the Court **GRANTS** Defendant Radio Shack's motion to dismiss. The Court will dismiss Plaintiff's federal claims

CIVIL NO. 09-1724 (JP)            -10-

against Defendant Radio Shack with prejudice.  The Court will also dismiss the Puerto Rico law claims without prejudice.  Because the individual Defendants were voluntarily dismissed (Nos. 43 and 46), no further claims remain pending.  A separate judgment will be entered accordingly.

    **IT IS SO ORDERED**.

    In San Juan, Puerto Rico, this 16th day of July, 2010.

                                          s/Jaime Pieras, Jr.
                                             JAIME PIERAS, JR.
                                U.S. SENIOR DISTRICT JUDGE